[Cite as *State v. Hines*, 2012-Ohio-207.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24346 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2009-CR-4352 |
| v. | : | |
| | : | |
| CLEMMIE HINES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 20th day of January, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by LAURA M. WOODRUFF, Atty. Reg. #0084161, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

KRISTINE E. COMUNALE, Atty. Reg. #0062037, Law Office of the Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Clemmie Hines appeals from his conviction and sentence

for Carrying a Concealed Weapon, following a no-contest plea. Hines contends that the trial court erred when it overruled his motion to suppress, based upon the fact that there was a warrant outstanding for Hines's arrest at the time of the stop, search and seizure. The trial court was following a line of cases from this court, beginning with *City of Dayton v. Click*, 2nd Dist. Montgomery No. 14328, 1994 WL 543210, and continuing with such recent cases as *State v. Smith*, 2nd Dist. Montgomery No. 22434, 2008-Ohio-5523, and *State v. Harding*, 180 Ohio App.3d 497, 2009-Ohio-59. In *State v. Gardner*, 2nd Dist. Montgomery No. 24308, 2011-Ohio-5692, we recently overruled that line of cases.

{¶ 2} On the authority of *State v. Gardner*, supra, the judgment of the trial court is Reversed. Because the trial court did not reach the issue of whether the search and seizure of the weapon forming the basis of the charge against Hines was otherwise a lawful search and seizure, this cause is Remanded for reconsideration of Hines's motion to suppress.

## I. Police Officers Talk to Hines, Ask Him If He Has Any Weapons, Resulting in a Search of Hines's Backpack.

{¶ 3} In late December, 2009, between 10:00 and 11:00 p.m., two Dayton police officers – Sergeant Wendy Stiver and Officer Matthew Heiser – were on patrol in the area of some alleys in North Dayton where there had been some robberies, and where a security guard had been shot and killed ten days earlier. Heiser testified that he would talk to people he encountered in the area to find out who they were, and what they were doing.

{¶ 4} The officers found Hines walking alone in an alley, drove up beside him, shined a light on him, and asked his name. Hines testified at the suppression hearing. His account

differed in some respects from that of the officers. Heiser testified that he asked Hines if he had any weapons, and Hines responded, "Umm." Heiser then asked Hines where it was, and Hines said it was in his backpack. At Heiser's request, Hines took off his backpack and put it on the hood of the cruiser. Stiver opened the backpack and found a handgun.

{¶ 5} Neither officer testified that they became aware, at any time during their interaction with Hines, that there was a warrant outstanding for his arrest.

{¶ 6} Hines testified that the police cruiser pulled up alongside him, the spotlight shined on him, and the officer in the cruiser asked him what his name was. Hines turned around and said, "Huh?" Hines testified that the officer was already out of the car, that the officer grabbed Hines by the arm, shook his backpack, and asked, "What's that?" Hines testified that he was not free to leave, because the officer had hold of him by the arm.

{¶ 7} Hines testified that in response to his being asked about the backpack, "what's that," he replied, "unh, unh, unh," while shaking his head, "[b]ecause I knew what was in the backpack and I also knew that I had a warrant out for unpaid fines."

{¶ 8} At the conclusion of the suppression hearing, the parties argued whether the interaction between the officers and Hines was a stop, or a consensual encounter. The trial court noted that resolution of the consent issue would require the court's determination of which testimony was more credible:

> All right. But you agree that – and I'm not saying I'm to this point by any means, but that if Mr. Hines' testimony were found to be credible in the version of events that unfolded, that would change the calculus in terms of at least whether or not this was a consensual encounter.

(The prosecutor, to whom the trial court's remark was evidently addressed, did, in fact, agree with this proposition.)

{¶ 9} But the trial court also noted that the fact that Hines had a warrant outstanding for his arrest might "trump" the consent issue, on the basis of the *City of Dayton v. Click*, supra, line of cases decided by this court. In its decision announced from the bench a week after the suppression hearing, the trial court, following the *Click* line of cases, held that because there was a warrant outstanding for Hines's arrest at the time of the search of his backpack and the seizure of the handgun, the search was essentially a search incident to arrest, and denied the motion to suppress.

{¶ 10} Counsel for Hines asked for additional findings, presumably concerning whether the search was consensual, for purposes of appeal, but the trial court declined to make additional findings, basing its decision to deny the motion to suppress solely upon the fact that a warrant was outstanding for Hines's arrest at the time of the search and seizure.

{¶ 11} Following the denial of his motion to suppress, Hines pled no contest to Carrying a Concealed Weapon. He was found guilty. The trial court imposed community control sanctions. From his conviction and sentence, Hines appeals.

## II. Because *State v. Gardner* Has Overruled the Line of Cases Upon Which the Trial Court Relied, the Trial Court Erred in Denying the Motion to Suppress.

{¶ 12} Hines's sole assignment of error is as follows:

{¶ 13} "THE TRIAL COURT ERRED WHEN IT OVERRULED MR. HINES'S MOTION TO SUPPRESS."

{¶ 14} Beginning with *City of Dayton v. Click*, supra, and continuing, with occasional exceptions where we have gone the other way, we have held that the fact that there is a

warrant outstanding for a defendant's arrest validates an otherwise unlawful stop, search of the person, and seizure of evidence found as a result of the search, even though the officers conducting the stop, search and seizure were unaware of the existence of the warrant. The tortured history of this jurisprudence is chronicled in *State v. Gardner*, 2nd Dist. Montgomery No. 24308, 2011-Ohio-5692, the recent case in which we have overruled the *Click* line of cases. Under *Gardner*, unless the causal connection between the Fourth Amendment violation and the obtaining of the evidence is sufficiently attenuated, an otherwise unlawful search and seizure cannot be validated by the fact that there was an outstanding warrant for the defendant's arrest, unknown to the officers conducting the search and seizure. Id., at ¶ 24-30. Presumably, for such an attenuation to apply, the discovery of the arrest warrant would have to precede the search and seizure. In other words, there would be an unlawful stop, and at some later time, the police would become aware of the outstanding warrant, take the defendant into custody, and perform a search incident to the arrest.

{¶ 15} In any event, we see no way that the attenuation doctrine could apply in this case, where the search and seizure preceded any discovery that there was a warrant outstanding for Hines's arrest. In fact, it is not clear that Stiver and Heiser were even aware at the suppression hearing that there had been a warrant outstanding for Hines's arrest during their encounter with him. Neither officer referred to a warrant in their testimony. If the encounter with Hines was a stop unsupported by sufficient cause, the search of his backpack and the seizure of the handgun was a direct and proximate result of that stop.

{¶ 16} The trial court cannot be faulted for having followed the existing jurisprudence of this appellate district. Nevertheless, in view of our recent decision in *State v. Gardner*,

supra, the trial court erred when it denied the motion to suppress based solely upon the fact that a warrant for Hines's arrest was outstanding at the time of the search and seizure. The trial court never reached the factually contested issue of the voluntariness of the stop, or the issue of whether the officers had a sufficient suspicion of the existence of a weapon to have justified their having opened and searched Hines's backpack, which was also the subject of conflicting testimony. Therefore, the judgment of the trial court must be reversed, and this cause must be remanded for reconsideration of the suppression motion in light of *State v. Gardner*. The trial court need not hold another hearing on the suppression motion, although it may do so if the court would find another hearing helpful.

{¶ 17} Hines's sole assignment of error is sustained.

### III. Conclusion.

{¶ 18} Hines's sole assignment of error having been sustained, the judgment of the trial court is Reversed, and this cause is Remanded for reconsideration of Hines's motion to suppress.

. . . . . . . . . . . .

GRADY, P.J., and KLINE, J., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Laura M. Woodruff

Kristine E. Comunale
Hon. Michael Tucker